UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE GRAY, )
)
         Plaintiff, )
)
v. )
) Claim No. 2015PI007536
THE CITY OF NEW YORK, a municipal )
corporation; PO MATTHEW ESCUDERO of ) **COMPLAINT**
the 47th Precinct, SHIELD NO. 26192, TaxID )
9483333; SGT DAVID MONZON of the 47th )
Precinct, SHIELD NO. 01503, TaxID 939062; )
and "JOHN DOE" (whose identity is unknown )
but who is known to be a police officer and )
employee of the New York City Police )
Department who struck Plaintiff after being )
tasered); )
)
         Defendants.

The Plaintiff, TYRONE GRAY, complaining of the Defendants by his attorney, RICHARD L. GIAMPA, ESQ., P.C., respectfully shows to this Court and alleges as follows upon information and belief:

## JURISDICTION

1. This federal civil rights action is brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1986 and the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and pursuant to Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York.

2. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

2

## VENUE

3. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which a substantial part of the events giving rise to Plaintiff's claim occurred.

## PARTIES

4. At all relevant times, Plaintiff was and is a citizen of the United States.

5. At all relevant times, Defendant CITY OF NEW YORK ("CITY") was and is a municipal corporation organized and existing under the laws of the State of New York with its principal offices located at City Hall and One Centre Street, New York, New York.

6. Upon information and belief and at all times hereinafter mentioned, Defendants POM MATTHEW ESCUDERO of the 47th Precinct, SHIELD NO. 26192, Tax ID 9483333 ("ESCUDERO"); SGT DAVID MONZON of the 47th Precinct, SHIELD NO. 01503, Tax ID 939062 ("MONZON"); and "JOHN DOE" (whose identity is unknown but who is known to be a police officer and employee of the New York City Police Department who struck Plaintiff after being tasered) ("DOE") were and still are employees of the New York City Police Department.

## ADMINISTRATIVE PROCEEDINGS

7. On or about March 11, 2015 and pursuant to New York State General Municipal Law § 50-e(1), Plaintiff served Defendant CITY with a Notice of Claim.

8. More than thirty (30) days have elapsed since Plaintiff's Notice of Claim was served on Defendant CITY.

9. Plaintiff has not yet appeared at an administrative hearing pursuant to New York General Municipal Law Section 50-h due to a pending criminal case (Case No. 2015BX005967). Our office has signed a Stipulation on behalf of Plaintiff agreeing with Defendant CITY to produce Plaintiff for a 50-h hearing at a later time, upon the conclusion of the pending criminal case. (SEE

STIPULATION ATTACHED HERETO AS EXHIBIT A). This is necessary to file suit within the appropriate statute of limitations and preserve the plaintiff's 5th Amendment right to self-incrimination while his criminal action is still pending.

10. This action has been commenced within the one-year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1986, within one year and ninety-days after the state law causes of action set forth herein accrued, and within the three year statute of limitations applicable to federal civil rights actions brought pursuant to 42 U.S.C. § 1983.

11. Plaintiff is not barred from bringing the within action in Federal Court and Plaintiff invokes the supplemental jurisdiction of this Court under 28 U.S.C. § 1367 to hear and decide claims arising under state law.

## FACTUAL ALLEGATIONS

12. Commencing at approximately 11:30 p.m. on February 7, 2015 and continuing into the early morning of February 8, 2015, Plaintiff TYRONE GRAY, a 21 year old African American male, was lawfully present on the sidewalk at 225th Street and White Plains Road, Bronx, New York when Defendants ESCUDERO and MONZON approached Plaintiff and stated that they had received reports that there may be someone in the area with a firearm. Plaintiff told Defendants that he did not have a firearm, but Defendants ESCUDERO and MONZON searched Plaintiff anyway. Their search showed that Plaintiff was not in possession of any firearms. Despite that fact that no firearm was found on Plaintiff, Defendants ESCUDERO and MONZON, without legal cause and without procuring Plaintiff's identification, handcuffed and arrested Plaintiff under the false pretense that there was an open warrant on Plaintiff and subsequently brought Plaintiff to the 47th Precinct located at 4111 Laconia Avenue, Bronx, New York. Plaintiff was instructed not to speak during the car ride to the precinct.

13. Plaintiff, still handcuffed, was brought into the precinct through the back door. At said precinct, Plaintiff was informed of the fact that there was no open warrant for his arrest. Notwithstanding that there was no open warrant, Defendants ESCUDERO and MONZON placed Plaintiff in a holding cell, still handcuffed. Defendant ESCUDERO then forcefully, unnecessarily and humiliatingly strip-searched Plaintiff.

14. In addition to being strip-searched, while in the holding cell, Defendant MONZON without provocation, during the strip search and while Plaintiff was unclothed, repeatedly tasered Plaintiff until Plaintiff fell to the ground and unable to get up. Defendants ESCUADERO then stomped on Plaintiff, over and over again, while he was lying on the ground. Defendants ESCUDERO and MONZON proceeded to pick the Plaintiff up from where he fell on the floor and seat him on a bench in the holding cell. These acts were committed while Plaintiff was handcuffed and alone in a holding cell.

15. Defendants ESCUDERO and MONZON were then joined by Defendant DOE, who entered the holding cell, cursed at and berated Plaintiff, punched Plaintiff in the face causing Plaintiff to fall off the bench, and then left the holding cell. Defendants MONZON and ESCUDERO proceeded to beat, kick and step on Plaintiff, and while Plaintiff was on the ground. All of the foregoing was done in the absence of probable cause.

16. The force used on Plaintiff was unnecessary, unreasonable and excessive. At no time did Defendants ESCUDERO, MONZON or DOE have any legal cause or excuse for this unlawful and inhumane treatment of Plaintiff.

17. After beating and tasering Plaintiff unjustifiably, Defendants ESCUDERO and MONZON finally called an ambulance and Plaintiff was taken to Jacobi Medical Center Emergency Room, located at 1400 Pelham Parkway South, Bronx, NY 10461. Plaintiff remained in

said hospital for approximately 4 hours to have the barbs from the taser medically removed and have his other injuries treated. Plaintiff was then taken back to the precinct.

## LIABILITY OF INDIVIDUAL DEFENDANTS

18.     Upon information and belief, at the times and places mentioned above, Defendants ESCUDERO, MONZON and DOE, all of whom are sued individually and in their official capacities, unlawfully suppressed Plaintiff's freedom of speech. Additionally, Defendants ESCUDERO, MONZON and DOE, wrongfully retaliated against Plaintiff's exercise of his First Amendment rights by causing, in whole or in part, and by participating in, his unreasonable seizure and false arrest and imprisonment.

19.     Upon information and belief, at the times and places mentioned above, Defendants ESCUDERO, MONZON and DOE unlawfully retaliated against Plaintiff's exercise of his First Amendment rights by causing him to be unreasonably seized and falsely arrested and imprisoned and/or by knowingly failing to prevent or intervene in his unlawful arrest and imprisonment.

20.     Upon information and belief, at the times and places mentioned above, the Defendants ESCUDERO, MONZON and DOE, intentionally and/or negligently inflicted emotional distress upon Plaintiff.

21.     Upon information and belief, at all relevant times and places mentioned above, Defendants ESCUDERO, MONZON and DOE, participated in, supervised, ratified or tacitly approved unlawful imprisonment of Plaintiff.

22.     Upon information and belief, at all relevant times and places mentioned above, Defendants ESCUDERO, MONZON and DOE, deprived Plaintiff of his constitutional rights, including the right to be free from the intentional use of unreasonable force.

23.     Upon information and belief, at all relevant times and places mentioned above,

Defendants ESCUDERO, MONZON and DOE intentionally and without justification assaulted Plaintiff.

24. The Defendants ESCUDERO, MONZON and DOE, through their individual acts and omissions, were deliberately indifferent to, and acted in reckless disregard of, Plaintiff's federal and state constitutional rights, privileges and immunities, and directly caused him to suffer the injuries and harm described above.

## LIABILITY OF DEFENDANT CITY OF NEW YORK

25. Upon information and belief, all of the acts and omissions by the individual Defendants were carried out with full knowledge, consent and cooperation, and under the supervisory authority of Defendant CITY.

26. Upon information and belief, Defendant CITY by its policy-making agents, servants and employees, authorized, sanctioned and/or ratified these Defendants' wrongful acts and omissions; and/or failed to prevent or stop these acts and omissions; and/or allowed or encouraged these acts and omissions to continue.

27. Moreover, upon information and belief, the acts and omissions of the individual Defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the CITY, which is implemented by police officers of said CITY, inter alia: to summarily, without efforts to explain or conciliate, punish persons who question the manner, authority or directives of police officers of the CITY and/or who do not capitulate to every demand, whether proper or improper, made by said officers.

28. Moreover, upon information and belief, the acts and omissions of the individual Defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the CITY, which is implemented by police officers of said

7

CITY, inter alia: to summarily, without justification, physically attack, arrest and/or abuse persons, particularly persons of color, in the absence of any need to resort to physical force.

29. Upon information and belief, the existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and policymaking officers and officials of the CITY, including but not limited to New York City Police Officers, for a substantial period of time.

30. Upon information and belief, despite knowledge of such illegal de facto policies, customs and practices, the supervisory and policy-making officers and officials of the CITY have not taken steps to terminate these policies, customs and practices; have not disciplined individuals who engage in such customs and practices; have not otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority; and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to, or negligent disregard of, the effect of said policies, customs and practices upon the constitutional rights of persons, particularly persons of color, in the CITY.

31. Upon information and belief, and without limiting the foregoing, the Defendant CITY has specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to probable cause for arrest;
(b) Has failed to properly train, instruct and discipline police officers with respect to civilians' First Amendment-protected right to criticize or question police officers' behavior and conduct;
(c) Has failed to properly train, instruct, and discipline police officers with respect to use of their authority;
(d) Has failed to properly train, instruct, and discipline police officers with regard to their duty to protect civilians from another officer's misconduct; and
(e) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers.

32. The knowing and repeated failure of the Defendant CITY to properly supervise, train and discipline said officers actually caused the injuries to Plaintiff alleged herein.

33. Upon information and belief, Defendant CITY knew or should have known that the acts alleged herein would deprive Plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 6, 8, 11 and 12 of the Constitution of the State of New York, including, without limitation, Plaintiff's rights to free speech, freedom from deprivation of liberty without due process of law, freedom from unreasonable seizure, freedom from false arrest and imprisonment, freedom from unreasonable and excessive use of force against his person, equal protection of the laws, and equal privileges and immunities under the laws.

34. Defendant CITY is also directly liable and responsible for the acts of the individual Defendants under the doctrine of *respondeat superior*.

## **FIRST CAUSE OF ACTION**
(Constitutional Violations -- 42 U.S.C. § 1983)

35. The Plaintiff TYRONE GRAY hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

36. Defendants, under color of state law, subjected Plaintiff to the foregoing acts and omissions without due process of law and in violation of 42 U.S.C. § 1983 thereby depriving Plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, including, without limitation, deprivation of the following constitutional rights:

    (a) Freedom to engage in protected speech;
    (b) Freedom from unreasonable seizure of his person;
    (c) Freedom from arrest without probable cause;

    (d)    Freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff is aware and to which he did not consent;

    (e)    Freedom from unreasonable and excessive use of force against his person;

    (f)    Freedom from deprivation of liberty without due process of law; and

    (g)    Equal protection, privileges and immunities under the laws.

37.    Defendants' deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

## SECOND CAUSE OF ACTION
(Claim Against Defendant CITY for Failure to Train, Supervise and Discipline
42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986 )

38.    The Plaintiff TYRONE GRAY hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

39.    Defendant CITY, by and through its policymakers, created and maintained a custom, policy and/or practice of failing to adequately train, supervise and discipline its employees and agents, including the named and unnamed Defendants in this case, regarding civilians' rights of free speech and obtaining probable cause to ensure that civilians not be falsely arrested, falsely imprisoned and maliciously prosecuted.

40.    Defendant CITY had actual or constructive notice of its failures to train, supervise and discipline its employees. This is because Defendant knew that it was foreseeable that officers would confront situations requiring knowledge of free speech rights and probable cause and that without the necessary training, supervision and discipline, constitutional violations would result. Yet Defendant CITY chose not to provide such training, supervision and discipline.

41.    This failure to train, supervise and discipline amounted to gross negligence, deliberate indifference or intentional misconduct, and encouraged and/or permitted the named and unnamed Defendants to engage in the conduct which proximately and directly caused Plaintiff's injuries and damages set forth above.

### THIRD CAUSE OF ACTION
(New York State Constitutional Violations)

42.     The Plaintiff TYRONE GRAY hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

43.     Such conduct breached the protections guaranteed to Plaintiff by the New York State Constitution, Article I, §§ 6, 8, 11, and 12, including his rights:

    (a)  Freedom to engage in protected speech;
    (b)  Freedom from unreasonable seizure of his person;
    (c)  Freedom from arrest without probable cause;
    (d)  Freedom from false imprisonment, that being wrongful detention without good faith, reasonable suspicion or legal justification, and of which wrongful detention Plaintiff is aware and to which he did not consent;
    (e)  Freedom from unreasonable and excessive use of force against his person;
    (f)  Freedom from deprivation of liberty without due process of law; and
    (g)  Equal protection, privileges and immunities under the laws.

44.     Defendants' deprivation of Plaintiff's rights under the New York State Constitution resulted in the injuries and damages set forth above.

### FOURTH CAUSE OF ACTION
(False Arrest)

45.     The Plaintiff TYRONE GRAY hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

46.     Acting under color of law, upon information and belief, at all relevant times Defendants ESCUDERO, MONZON and DOE, unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's arrest without probable cause or other legal justification.

47.     The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

### FIFTH CAUSE OF ACTION
(False Imprisonment)

48. The Plaintiff TYRONE GRAY hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

49. Acting under color of law, upon information and belief, at all relevant times Defendants ESCUDERO, MONZON, DOE and CITY unlawfully caused, ordered, approved and/or knowingly failed to prevent Plaintiff's wrongful detention, thereby depriving him of his liberty without good faith, reasonable suspicion or other legal justification.

50. Plaintiff was conscious of, and did not consent to, his confinement.

51. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights, resulting in the injuries and damages set forth above, and are therefore liable for punitive damages.

## SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

52. The Plaintiff TYRONE GRAY hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

53. The individual Defendants ESCUDERO, MONZON and DOE, by their aforementioned acts, did intentionally, willfully, and knowingly cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

54. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)

55. The Plaintiff TYRONE GRAY hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

56. The individual Defendants ESCUDERO, MONZON and DOE, by their aforementioned acts, did negligently cause Plaintiff to suffer mental and emotional distress, pain and suffering, and damage to name and reputation.

## EIGHTH CAUSE OF ACTION
(Negligence of the Individual Defendants)

57. The Plaintiff TYRONE GRAY hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

58. The individual Defendants ESCUDERO, MONZON and DOE, by their aforementioned acts, negligently failed to use due care in the performance of their duties in that they, among other negligent acts:

(a) Failed to perform their duties as a reasonably prudent and careful police officer or supervisor would have done under similar circumstances;
(b) Carelessly and recklessly seized and detained Plaintiff; and
(c) Carelessly and recklessly arrested and detained Plaintiff without a warrant or probable cause.

59. The negligent actions of the individual Defendants directly and proximately caused Plaintiff's injuries and damages set forth above.

## NINTH CAUSE OF ACTION
(Intentional Assault)

60. The Plaintiff TYRONE GRAY hereby realleges and incorporates by reference each and every allegation above as if fully set forth herein.

61. The individual Defendants ESCUDERO, MONZON and DOE, by their aforementioned acts, did intentionally, willfully, and knowingly assault Plaintiff by, among other things, repeatedly beating and tasering Plaintiff without justification.

62. The individual Defendants committed the foregoing acts intentionally, willfully and with malicious disregard for Plaintiff's rights and are therefore liable for punitive damages.

**WHEREFORE,** Plaintiff demands the following relief against Defendants, jointly and severally:

(a) a judgment declaring the actions and conduct of Defendants unconstitutional;

(b) full and fair compensatory damages in an amount to be determined by a jury;

(c) punitive damages in an amount to be determined by a jury;

(d) reasonable attorney's fees and costs and disbursements of this action;

(e) pre- and post-judgment interest; and

(f) such other and further relief as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

A jury trial is hereby demanded.

Dated: Bronx, New York
       January 28, 2016

Yours, etc.,

RICHARD L. GIAMPA, ESQ., P.C.
Attorney for the Plaintiff
TYRONE GRAY
860 Grand Concourse, Suite 1H
Bronx, New York 10451
(718) 665-7700