UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TYRONE GRAY,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, a municipal corporation;
P.O. MATTHEW ESCUDEO, of the 47th Precinct,
SHIELD NO. 26192, Tax ID 948333; SGT DAVID
MONZON of the 47th Precinct, SHIELD NO. 1503, TaxID
939062; and "JOHN DOE" (whose identity is unknown but
who is known to be a police officer and employee of the
New York City Police Department after being tasered),

                                          Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS CITY OF NEW YORK, MATTHEW ESCUDERO AND DAVID MONZON TO PLAINTIFF'S COMPLAINT**

16 CV 663 (PGG)

**JURY TRIAL DEMANDED**

        Defendants the City of New York ("City"), Matthew Escudero and David Monzon by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for an answer to plaintiff's Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations contained in paragraph "2" of the Complaint, except admits that plaintiff purports to establish jurisdiction as set forth therein.

        3.     Deny the allegations contained in paragraph "3" of the Complaint, except admits that plaintiff purports to lay venue as stated therein.

        4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Deny the allegations contained in paragraph "5" of the Complaint except admit that the City is a municipal corporation organized under the laws of the State of New York.

6. Deny the allegations contained in paragraph "6" of the Complaint except admit Escudero and Monzon were employed by the NYPD on the date of the incident.

7. Deny the allegations contained in paragraph "7" of the Complaint except admit plaintiff filed what purports to be a notice of claim.

8. Deny the allegations contained in paragraph "8" of the Complaint except admit plaintiff filed what purports to be a notice of claim.

9. Deny the allegations contained in paragraph "9" of the Complaint except admit plaintiff filed what purports to be a notice of claim.

10. Deny the allegations contained in paragraph "10" of the Complaint.

11. Deny the allegations contained in paragraph "11" of the Complaint except admit plaintiff purports to proceed as set forth therein.

12. Deny the allegations contained in paragraph "12" of the Complaint except admit defendants arrested plaintiff and brought him to the 47th Precinct.

13. Deny the allegations contained in paragraph "13" of the Complaint except admit defendants arrested plaintiff and brought him to the 47th Precinct and placed him in a cell.

14. Deny the allegations contained in paragraph "14" of the Complaint.

15. Deny the allegations contained in paragraph "15" of the Complaint.

16. Deny the allegations contained in paragraph "16" of the Complaint.

17. Deny the allegations contained in paragraph "17" of the Complaint, except admit plaintiff was taken to the hospital.

18. Deny the allegations contained in paragraph "18" of the Complaint.

19. Deny the allegations contained in paragraph "19" of the Complaint.

20. Deny the allegations contained in paragraph "20" of the Complaint.

21. Deny the allegations contained in paragraph "21" of the Complaint.

22. Deny the allegations contained in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "23" of the Complaint.

24. Deny the allegations contained in paragraph "24" of the Complaint.

25. Deny the allegations contained in paragraph "25" of the Complaint.

26. Deny the allegations contained in paragraph "26" of the Complaint.

27. Deny the allegations contained in paragraph "27" of the Complaint.

28. Deny the allegations contained in paragraph "28" of the Complaint.

29. Deny the allegations contained in paragraph "29" of the Complaint.

30. Deny the allegations contained in paragraph "30" of the Complaint.

31. Deny the allegations contained in paragraph "31" of the Complaint.

32. Deny the allegations contained in paragraph "32" of the Complaint.

33. Deny the allegations contained in paragraph "33" of the Complaint.

34. Deny the allegations contained in paragraph "34" of the Complaint.

35. In response to the allegations set forth in paragraph "35" of the Complaint, defendants repeat and reallege each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

36. Deny the allegations contained in paragraph "36" of the Complaint.

37. Deny the allegations contained in paragraph "37" of the Complaint.

38. In response to the allegations set forth in paragraph "38" of the Complaint, defendants repeat and reallege each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

39. Deny the allegations contained in paragraph "39" of the Complaint.

40. Deny the allegations contained in paragraph "40" of the Complaint.

41. Deny the allegations contained in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, defendants repeat and reallege each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

43. Deny the allegations contained in paragraph "43" of the Complaint.

44. Deny the allegations contained in paragraph "44" of the Complaint.

45. In response to the allegations set forth in paragraph "45" of the Complaint, defendants repeat and reallege each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

46. Deny the allegations contained in paragraph "46" of the Complaint.

47. Deny the allegations contained in paragraph "47" of the Complaint.

48. In response to the allegations set forth in paragraph "48" of the Complaint, defendants repeat and reallege each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

49. Deny the allegations contained in paragraph "49" of the Complaint.

50. Deny the allegations contained in paragraph "50" of the Complaint.

51. Deny the allegations contained in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, defendants repeat and reallege each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

53. Deny the allegations contained in paragraph "53" of the Complaint.

54. Deny the allegations contained in paragraph "54" of the Complaint.

55. In response to the allegations set forth in paragraph "55" of the Complaint, defendants repeat and reallege each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

56. Deny the allegations contained in paragraph "56" of the Complaint.

57. In response to the allegations set forth in paragraph "57" of the Complaint, defendants repeat and reallege each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

58. Deny the allegations contained in paragraph "58" of the Complaint.

59. Deny the allegations contained in paragraph "59" of the Complaint.

60. In response to the allegations set forth in paragraph "60" of the Complaint, defendants repeat and reallege each and every response to the preceding paragraphs of the Complaint as if fully set forth herein.

61. Deny the allegations contained in paragraph "61" of the Complaint.

62. Deny the allegations contained in paragraph "62" of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

63. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

64. Defendant City has not violated any rights, privileges or immunities secured to the plaintiffs under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor has Defendant City violated any act of Congress.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

65. At all times relevant to the acts alleged in the Complaint, Defendant City of New York, and its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

66. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

67. There was probable cause for plaintiff's arrest and detention.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

68. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

69. Plaintiff's claims are barred, in whole or in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

70. Punitive damages are not recoverable against The City of New York. Punitive damages cannot be recovered against the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

71. There was reasonable suspicion for the conduct in question.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

72. The Complaint fails to allege facts with sufficient particularity to satisfy the requirements of Rules 8 and 9 of the Federal Rules of Civil procedure.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

73. The process served upon one or more defendants was insufficient.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

74. Plaintiff initiated any incident.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

75. Any use of force by defendants was reasonable and necessary under the circumstances.

**WHEREFORE,** defendants City, Escudero and Monzon request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 9, 2016

        ZACHARY W. CARTER
        Corporation Counsel of the
         City of New York
        *Attorney for Defendants City of New York, Matthew Escudero and David Monzon*
        100 Church Street
        New York, New York 10007
        (212) 356-2654

By:     /s/
    Michael K. Gertzer
    Senior Counsel

TO:   Zachary Giampa, Esq. (By ECF)